**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RICHARD ANTHONY** | **:** | **DOCKET NO. 21-cv-03865** |
| **REG. # 20515-112** | | **SECTION P** |
| | | |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| | | |
| **FEDERAL BUREAU OF PRISONS, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a petition [doc. 1] filed by pro se plaintiff Richard Anthony, brought

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 , et. seq. and the Administrative

Procedure Act ("APA"), 5. U.S.C. §  701, et. seq., seeking the production of certain documents.

Anthony is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated

at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

**I.**
**BACKGROUND**

In the instant matter, Anthony names as defendants the Federal Bureau of Prisons ("BOP")

and its director, Michael Carvajal.  Doc. 1, p. 2.  Plaintiff asserts that on September 11, 2021, he

made a series of requests under FOIA to the BOP at their headquarters in Washington, D.C.  *Id*.

He contends that the BOP has failed to acknowledge his request.  *Id*. at p. 3.

**II.**
**LAW & ANALYSIS**

*A.  Frivolity Review*

Anthony has been granted leave to proceed *in forma pauperis* in this matter. Accordingly,

his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

## B. Venue

Plaintiff contends that venue is proper in this Court.  Venue for FOIA actions is governed by 5 U.S.C. § 552(a)(4)(B), which reads in pertinent part as follows:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

According to the criminal proceedings brought against Anthony in the Eastern District of Tennessee, pursuant to which he was sentenced to the term of imprisonment he is currently serving at FCIO, Anthony maintained a residence in Manchester County, Tennessee at the time of his conviction.   See *United States v. Anthony*, Civil Action 4:12-cr-17 (E.D. Tn, March 27, 2012). However, there is nothing in the record to confirm that he is a resident of Tennessee.

Plaintiff's only apparent connection with the State of Louisiana is that he is incarcerated here. In the Fifth Circuit, a prisoner's place of incarceration is not his residence for purposes of venue. *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972). Accordingly, Louisiana is not his place of residence.

The Court in *Santana v. DOJ,* 2008 U.S. Dist. LEXIS 107181, 2008 WL 5574668, *23 (W.D. La. Dec. 12, 2008), addressed a similar situation. In that case, the Plaintiff, a prisoner housed at the Pine Prairie Correctional Center in Pine Prairie, Louisiana, filed suit seeking judicial review of the denial of his request for access to certain records under the FOIA. Addressing venue, the Court, relying on *Elingburg, supra*, held that the plaintiff's place of incarceration was not his residence for purposes of venue. *Id*. at *4. Further, the Court noted that, while he was convicted in New Hampshire, the record was void of any information that would suggest a New Hampshire residence, other than his conviction there. Accordingly, the Court held that the only clearly proper venue available was the District of Columbia. As such, the matter was transferred to the District Court for the District of Columbia for resolution. *Id*.

In this matter, it is undisputed that neither the plaintiff's residence nor his principal place of business is located in the Western District of Louisiana. While it is unclear where the records are located, there is no evidence that they are located in this district.

Therefore, the only clearly proper venue available to Mr. Anthony under 5 U.S.C. § 552(a)(4)(B) is the District of Columbia. Under 28 U.S.C. § 1406(a), the court may, in the interests of justice, transfer a case brought in the wrong district to "any district or division in which it could have been brought." The undersigned finds that, in the interests of justice, this matter should be transferred to the District Court for the District of Columbia for resolution.

### III.
### CONCLUSION

Accordingly,

**IT IS ORDERED THAT** this matter be **TRANSFERRED** to a district of proper venue,

the United States District Court for the District of Columbia, pursuant to 28 U.SC. 1406(a).  The

effect of this order is suspended for a period of fourteen (14) days to allow plaintiff an opportunity

to object to this ruling with the District Court if he so chooses.

THUS DONE AND SIGNED in Chambers this 5th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE