UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD ANTHONY**, Plaintiff, v. **FEDERAL BUREAU OF PRISONS**, Defendant. | Case No. 1:22-cv-01558 (TNM) |

### MEMORANDUM OPINION AND ORDER

Richard Anthony sues the Bureau of Prisons under FOIA to obtain documents about a correctional officer's alleged misconduct. BOP released four records in full and two with redactions. It now moves for summary judgment, arguing that Anthony failed to exhaust administrative remedies and that his challenge to the four documents produced in full is moot. The Court grants BOP's motion in part as to the four records it fully produced, but denies its motion as to exhaustion. Still, BOP may renew its motion for summary judgment within 30 days to show that it satisfied its FOIA obligations for the rest of Anthony's request.

I.

First, a preliminary note. Anthony proceeds *pro se*, so the Court considers all of his filings together. *Sanchez-Mercedes v. Bureau of Prisons,* 453 F. Supp. 3d 404, 411 (D.D.C. 2020), *aff'd,* 2021 WL 2525679 (D.C. Cir. June 2, 2021) (per curiam). But Anthony failed to oppose the Government's Statement of Material Facts as required by the Local Rules. *See* Stmt. of Mat. Facts Not in Dispute (SMF), ECF No. 20-2. While the Court draws on the SMF throughout this Memorandum, it excuses Anthony from filing responses to the facts bearing on exhaustion. Anthony clearly contends that he exhausted administrative remedies in his filings.

1

And, even if the Court deemed the SMF admitted, the Government has not included facts sufficient to grant summary judgment in its favor as to the two redacted documents it produced. With that housekeeping, the Court turns to the facts.

Anthony is currently incarcerated at FCI Talladega Camp, and he had served time at FCI Oakdale. *See* Compl. ¶ 5, ECF No. 1. In September 2021, he sent a FOIA request to BOP seeking "copies of any and all documents generated by [BOP] regarding FCI Oakdale Officer Ms. P. Lemieux's misconduct in 2018," plus copies of "Administrative Remedies" he submitted to the prison. Ex. 1, ECF No. 1-2 (FOIA request). Anthony also requested expedited review. *See* Ex. 1; SMF ¶ 3. BOP confirmed receipt, and denied his expedite request within twenty business days. *See* SMF ¶ 5; *see also* Ex. B (October Letter), ECF No. 20-4. Its letter advised Anthony how to appeal the denial of expedited processing. *See* SMF ¶ 6; *see also* October Letter. Anthony did not file an appeal within 90 days. *See* Decl. of BOP Paralegal Specialist Shelly Emberton ("Emberton Decl.") ¶ 4, ECF No. 20-3. Instead, he sued about a month later.

Since Anthony sued, BOP produced four pages of records in full and two pages in part. *See* SMF ¶ 7; Ex. D, ECF No. 13–18 (records). In the two redacted pages, BOP withheld information under Exemptions 6 and 7(C). *See* Ex. C, ECF No. 20-4; Emberton Decl. ¶ 3. BOP also issued a *Glomar* response to Anthony's request for documents about a certain employee's misconduct, noting that it could neither confirm nor deny their existence. *See* Ex. C; *see also* Emberton Decl. ¶ 3. BOP again explained how Anthony could appeal within the agency. *See id.* But Anthony has not. *See* SMF ¶¶ 9–11; Emberton Decl. ¶¶ 4, 5.

BOP now moves for summary judgment, contending that Anthony failed to exhaust administrative remedies and that part of his FOIA request is now moot. *See* Gov't Mot. for

Summ. J. (MSJ), ECF No. 20.  BOP's motion is ripe and this Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B).

## II.

To prevail on a motion for summary judgment, a party must show that "there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  FOIA requires "disclosure of documents held by a federal agency unless the documents fall within one of nine enumerated exemptions, which are listed at 5 U.S.C. § 552(b)."  *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021).  To obtain summary judgment, the agency bears the burden to show the applicability of the claimed exemptions.  *See ACLU v. DOD*, 628 F.3d 612, 619 (D.C. Cir. 2011).

To meet its burden, an agency may rely on declarations.  *See Shapiro v. DOJ*, 893 F.3d 796, 799 (D.C. Cir. 2018).  Those declarations receive "a presumption of good faith."  *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  The Court may grant summary judgment based solely on the agency's declarations if they are not contradicted by contrary record evidence or by evidence of the agency's bad faith.  *See Aguiar v. DEA*, 865 F.3d 730, 734–35 (D.C. Cir. 2017).

Anthony proceeds *pro se*, so the Court "liberally construe[s]" his filings.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That accommodation does not, however, allow him "to ignore the Federal Rules of Civil Procedure."  *Oviedo v. WMATA*, 948 F.3d 386, 397 (D.C. Cir. 2020).  He still must show that a genuine issue of material fact exists.  *See* Fed. R. Civ. P. 56(a).

## III.

BOP moves for summary judgment on the primary basis that Anthony did not exhaust administrative remedies before suing.  *See* MSJ at 4–5.  It does not defend the adequacy of its

search or argue that it properly claimed exemptions, articulated foreseeable harm from release, or satisfied the segregability requirement. BOP argues that (1) Anthony never administratively appealed its October letter denying expedited processing of his FOIA request, and (2) that Anthony never administratively appealed the July 2022 production of six records, two of which were redacted. *See* SMF ¶¶ 9–11; Emberton Decl. ¶¶ 4–5.

FOIA provides that agencies must determine within 20 business days "whether to comply with [a FOIA] request." 5 U.S.C. § 552(a)(6)(A)(i). "In the case of an adverse determination"— *i.e.*, the agency decides *not* to comply with a request—the requester has 90 days to administratively appeal. *See id.* § 552(a)(6)(A)(i)(III)(aa). If the agency blows its 20-day deadline, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i). The first route is called "actual" exhaustion, while the second is "constructive" exhaustion. *See, e.g.*, *Nat'l Sec'y Counselors v. CIA*, 931 F. Supp. 2d 77, 95 (D.D.C. 2013).

In FOIA cases, exhaustion of administrative remedies is generally required "before filing suit in federal court[.]" *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). This requirement exists "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.*; *see also CREW v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("[A] FOIA requester must exhaust administrative appeal remedies before seeking judicial redress.").

That said, courts in this district have held that exhaustion is not required before a requester may sue over an agency denial of expedited processing. *See, e.g.*, *CREW v. DOJ*, 436 F. Supp. 3d 354 (D.D.C. 2020); *ACLU v. DOJ*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004). This is so because a different part of FOIA provides that "agency action to deny . . . a request for expedited

processing . . . shall be subject to judicial review." 5 U.S.C. § 552(a)(6)(E)(iii). Courts have held this to be an explicit jurisdictional grant over such claims, whether or not the requester exhausted. *See, e.g.*, *ACLU*, 321 F. Supp. 2d at 28.

A few textual clues bolster that reading. *First*, this subsection appears just before a jurisdiction stripping provision. That subsection provides that a court "shall not have jurisdiction" over a denial of expedited processing "after the agency has provided a complete response to the request." 5 U.S.C. § 552(a)(6)(E)(iv). The logical inference is that the provision before grants jurisdiction in all other scenarios. *Second*, the actual and constructive exhaustion provisions pertain to an "adverse determination," *id.* § 552(a)(6)(A)(i)(III), which refers back to the agency's decision "whether to comply with [a FOIA] request" or not, *id.* § 552(a)(6)(A)(i). That section most naturally refers to whether or not the agency will produce documents at all, not the speed with which it will process them. *Id.* § 552(a)(6)(A).[1]

BOP hangs its hat on the contention that Anthony failed to exhaust administrative remedies for the October letter. *See, e.g.*, Emberton Decl. ¶ 4. Recall that all the October letter did was deny Anthony's expedite and inform him that he was in the normal processing queue. *See* Ex. B. But BOP does not acknowledge, let alone distinguish, the authorities just discussed holding that requesters need not exhaust denials of expedite requests.

In any event, Anthony swears he never received the letter. *See* Pl.'s Opp'n at 2–3; *see also* Decl. of Richard Anthony (Anthony Decl.) ¶ 2, ECF No. 24-1. In fact, Anthony claims he

---

[1] One textual clue cuts against this interpretation. FOIA also instructs agencies that regulations they promulgate about expedited processing "must ensure . . . expeditious consideration of administrative appeals of such determinations of whether to provide expedited processing." 5 U.S.C. § 552(a)(6)(E). This seems to suggest that a requester at least *could* administratively appeal an agency's denial of his expedite. But it does not foreclose the possibility that judicial review is immediately available based on the jurisdiction-granting language in 5 U.S.C. § 552(a)(6)(E)(iii).

5

is "very familiar" with FOIA and "would not have" sued BOP had he timely received the October letter. Anthony Decl. ¶ 5. Other courts have found in analogous circumstances that such sworn statements create a genuine issue of material fact as to whether the requester truly failed to exhaust. *See Pinson v. DOJ*, 69 F. Supp. 3d 125, 132 (D.D.C. 2014) (denying summary judgment to the Government on exhaustion grounds for this reason); *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985) (explaining that plaintiffs are deemed to have exhausted their administrative remedies if the Government fails to inform them of the right to appeal).

BOP also argues that Anthony failed to exhaust after its July 2022 production of six records to him. *See* SMF ¶¶ 9, 11; Emberton Decl. ¶ 5. But the cases it cites hold that exhaustion is generally required when an agency produces documents to a requester *before* he has sued. *See* MSJ at 4–5. That context differs from the *in medias res* situation here. Recall that at this point, Anthony's suit had been pending for about eight months.

Because FOIA's exhaustion requirement is prudential rather than jurisdictional, the Court must evaluate whether the "purposes of exhaustion" support barring suit at this point. Those purposes are "preventing premature interference with agency processes" and allowing the agency "to make a factual record to support its decision." *Hidalgo*, 344 F.3d at 1258–59. The second purpose is obviously not served because Anthony has run out of time to exhaust. Because the 90-day window has passed, any internal agency appeal would be rejected and BOP could make no further factual record. More, BOP has already produced redacted records to Anthony and asserted various exemptions. All that is left is for BOP to legally *support* those exemptions as in any other FOIA case. In short, the purposes of exhaustion are not served by requiring Anthony to pursue a futile administrative appeal.

\* \* \*

BOP also contends that Anthony's suit is moot as to the four records it produced to him in full. With this, the Court agrees. *Accord Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."); *Heily v. DOD*, No. 13-cv-5055, 2013 WL 5975876, at \*1 (D.C. Cir. Oct. 16, 2013) (per curiam) (affirming dismissal of plaintiff's claims as moot after plaintiff received the requested documents while case was pending). While this may be a different case if Anthony had contested the adequacy of their search, *see, e.g.*, *Brustein & Manasevit, PLLC v. U.S. Dep't of Educ.*, 30 F. Supp. 3d 1, 6–7 (D.D.C. 2013), he does not. It is "undisputed that [BOP] has produced fully" four of the documents Anthony sought. *Id.* at 6; *see also* SMF ¶ 7.

Still, BOP has not shown that it is entitled to summary judgment on the rest of his request. BOP did not argue, or support with declarations, that its search was proper, that its asserted exemptions and *Glomar* response were justified, or that it satisfied its foreseeable harm and segregability burdens.

**IV.**

For these reasons, the Court GRANTS IN PART BOP's Motion for Summary Judgment as to the four documents BOP produced in full. But it DENIES the motion insofar as it seeks summary judgment based solely on failure to exhaust administrative remedies. It is also

**ORDERED** that BOP shall renew its motion for summary judgment on or before June 22, 2023, as to the rest of Anthony's request. In that motion, BOP shall discuss everything needed to meet its burdens under FOIA. It is also

**ORDERED** that Anthony shall respond to that motion on or before July 22, 2023. BOP shall file any reply on or before August 5, 2023.

**SO ORDERED.**

Dated: May 23, 2023

                                                            TREVOR N. McFADDEN, U.S.D.J.